City of Evanston v. Meyers.

## The City of Evanston v. W. H. Meyers.

1.  CRIMINAL LAW—*Inducing People to Violate Ordinances.*—In a prosecution for selling liquor in violation of a city ordinance, it appeared that the city employed two persons to buy beer of the defendant, giving them the money with which to purchase it.  *Held,* that the city had procured the commission of the offense and should not be allowed to reap a reward for its diligence in inducing the defendant to violate its own ordinance.

**Complaint,** before a justice of the peace.   Appeal from the Criminal Court of Cook County; the Hon. THEODORE BRENTAÑO, Judge. presiding.   Heard in this court at the March term, 1897.   Affirmed.   Opinion filed May 24, 1897.

### STATEMENT OF THE CASE.

The Four Mile League is an association formed for the purpose of enforcing the law relating to the sale of intoxi-

cating liquors within four miles of the Northwestern University in Evanston, within which limits the law forbids such sale. The Four Mile League, in 1896, furnished the chief of police of the city of Evanston with funds to pay the expense of procuring evidence against persons engaged in the liquor traffic within the four-mile limit. The funds furnished by the League were added to the funds appropriated for the same purpose by the city of Evanston, and used by the chief of police of said city of Evanston to pay John Denvir and Tony Collignon for services and expenses in detecting persons engaged in selling liquor in the city of Evanston, or within the four-mile limits, and procuring the evidence against them by making purchases of liquor.

On July 9, 1896, John Denvir saw the defendant in the city of Evanston, and paid him fifty cents for a dozen bottles of lager beer. The beer was at once delivered to the witness, by the defendant from the wagon of defendant. The transaction was witnessed by Tony Collignon and Bob Kernohan, who were not more than one hundred feet away, and afterward drank a portion of the beer.

The city of Evanston, by its city council, adopted the following ordinance, being Sec. 646 of the Revised Ordinances of 1893, of the city of Evanston:

" Whoever shall, by himself or another, either as principal, agent, clerk, servant or otherwise, directly or indirectly sell, barter, exchange or give away within the corporate limits of said city any ale, porter, beer, weiss-beer, lager beer, kimmel, wine, rum, brandy, gin, whiskey, schnapps, bitters, cider, hard cider, manufactured cider, or any spirituous, vinous, malt, fermented, mixed or intoxicating liquor, or any mixture, part of which is any of said liquor, or any intoxicating drinks, shall be fined not less than ten dollars nor more than two hundred dollars for each offense."

GEORGE S. BAKER, attorney for appellant.

WILLIAMS & KRAFT, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The offense for which appellee was prosecuted was one induced by the city of Evanston.    It is quite true that there is reason to believe that appellee was ready and willing to violate the ordinance, without being solicited by the city to do so; this is not, however, sufficient to constitute an offense. Parties can not be convicted of criminal offenses merely because they have the ability and are suspected of a willingness to violate the law.

It appears that the city employed two minors, furnished them with money with which to buy beer of appellee, and this having been done, permitted these boys to go to an ice house behind a church and drink the beer.

The act of appellee was induced by appellant.    Indeed, it is not too much to say that appellant not only induced but sought to have appellee violate its ordinance.    Having procured the commission of an offense, appellant now seeks to compel the payment of money, a fine, to it; to reap a reward for its diligence in inducing appellee not only to violate its ordinance, but the law of the State against selling liquor to minors.

The distinction between employing detectives to ferret out and ascertain who has been guilty of crime, and endeavoring to bring about the commission of criminal acts, is so obvious as not to require comment.

The ordinance forbids the giving away of cider, weiss-beer, or any vinous, fermented or malt liquor.    Can it be claimed that the city could impose a fine upon one who at its request gave wine or cider to a guest ?

We do not mean to be understood as intimating that if a citizen of Evanston purchased beer within the city, or received it as a gift, the vendor or donor may not be convicted, although the object of the recipient in receiving was to prosecute him from whom the intoxicant was obtained.

Neither a public officer nor a municipality may procure or encourage the commission of crime.    Love v. The People, 160 Ill. 501; Saunders v. The People, 38 Mich. 222;

United States v. Whittier, 5 Dillon, 35; Williams v. The State of Georgia, 55 Ga. 395; People v. McCord, 76 Mich. 206.

The judgment of the Criminal Court is affirmed.

MR. JUSTICE GARY.

While I do not dissent from the opinion of Judge Waterman, I protest that he is not competent to write it, inasmuch as he confesses that he has partaken of the hospitality of highly respected citizens of Evanston in breach of the ordinance forbidding the giving away of cheering beverages.